UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHAWNA J. PANZICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.: C 06-6476 PVT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)** |

　　　　Currently pending before the court is Plaintiff's Motion for Award of Attorney's Fees Under 42 U.S.C. § 406(b).[1]  Both parties have consented to Magistrate Judge jurisdiction.  Based on the briefs and arguments presented,

　　　　IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED.  Plaintiff's counsel is awarded a *gross* amount of $12,671.50 (25% of the $50,686.00 in retroactive benefits Plaintiff received).  Defendant shall pay Plaintiff's counsel a *net* amount of $7,921.50, after deducting the $4,750.00 statutory offset for the prior EAJA award.

　　　　Plaintiff brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).  After Plaintiff filed a motion for summary judgment, the

---

[1]　　　The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

parties stipulated to a voluntary remand pursuant to sentence four of 42 U.S.C. 405(g). The parties then stipulated to an attorneys fee award of $4,750.00 under the Equal Access to Justice Act ("EAJA").

On remand, the ALJ issued a fully favorable decision and awarded Plaintiff a gross total of $50,686.00 in retroactive benefits. The Social Security Administration ("SSA") withheld $12,671.50 of the past due benefits to cover potential attorneys fees under 42 U.S.C. § 406(b). The SSA did *not* withhold the amount of the EAJA award ($4,750.00), and thus no reimbursement to Plaintiff will be required under the statutory offset provision.[2]

Under Section 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The court acts as "an independent check" to assure that contingency fee agreements between Social Security claimants and their attorneys will "yield reasonable results in particular cases." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining the amount of fees to award counsel, the court must determine whether the fees sought by counsel are within the statutory limit, are consistent with the fee agreement, and are reasonable in amount.

In looking at whether attorneys fees are reasonable for an attorney's court representation of a Social Security claimant in a particular case, the court considers the entire fee attributable to the court case. Here, Plaintiff's counsel previously received EAJA fees in the amount of $4,750.00. That amount must be considered along with the present award of $7,921.50 in order to adequately evaluate the reasonableness of counsel's overall fee for this court case. Plaintiff's counsel's suggestion that the court should base its reasonableness determination on just the present award of $7,921.50 ignores the reality of how much money he will actually have received for the court case.

Nonetheless, even basing the reasonableness determination on the gross award of $12,671.50, the court finds the fee reasonable. As Plaintiff's counsel points out, there was a significant risk of

---

[2] Where attorneys fees are awarded under both the EAJA and Section 406(b), the smaller award must be refunded to the claimant. *See* 28 U.S.C. § 2412; *see also, Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

1 loss associated with this case.  And the award was not so large as to render an award of 25%
2 unreasonable.  By way of comparison only, the requested fee award corresponds to an hourly rate of
3 approximately $330.00 per hour, which is easily in line with non-contingency fees for attorneys in
4 the San Francisco bay area with Plaintiff's counsel's level of experience.  Moreover, by their very
5 nature, contingency fees are designed to account for the fact that the contingency fee lawyer
6 performs much work for *no* compensation on unsuccessful cases.

7 Dated: *March 16, 2010*

8                                       PATRICIA V. TRUMBULL
                                      United States Magistrate Judge